IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID WILLS,<br><br>      Plaintiff,<br><br>vs.<br><br>PACCAR, INC., KENWORTH TRUCK COMPANY, and CUMMINS INC.,<br><br>      Defendants. | 8:16CV3181<br><br>ORDER |

  This matter is before the Court on Defendant Cummins Inc.'s ("Cummins") Motion for a More Definite Statement (Filing No. 19). For the reasons explained below, the motion will be denied.

## BACKGROUND

  Plaintiff filed suit against Cummins, PACCAR, Inc., and Kenworth Truck Company in the District Court of Douglas County, Nebraska on October 26, 2016. (Filing No. 1.) The action was removed to this Court on November 28, 2016. (*Id*.)

  The Complaint seeks relief for a series of alleged defects with a Kenworth truck purchased by Plaintiff. The truck is equipped with a Cummins diesel engine. Plaintiff asserts claims for breach of express and implied warranties, as well as a claim under Nebraska's Lemon Law, codified at Neb. Rev. Stat. § 60-2701, *et seq*.

  Cummins requests that the Court order Plaintiff to file an Amended Complaint setting forth a more definite statement of his Lemon Law claim made against Cummins pursuant to Fed. R. Civ. P. 12(e). Plaintiff opposes the motion.

**DISCUSSION**

Federal Rule of Civil Procedure 12(e) permits a motion for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, motions for a more definite statement are rarely granted "in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides." Lemp v. Ocwen Loan Servicing, LLC, No. 8:08CV35, 2008 WL 2276935, *2 (D. Neb. May 30, 2008). See also Geir v. Educational Service Unit No. 16, 144 F.R.D. 680, 685 (D. Neb. 1992) ("Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail"). Rule 8 only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, "[w]here information sought by the party moving for a more definite statement is available or properly sought through discovery, the motion should be denied." Oceanic Cablevision, Inc. v. M.D. Electric, 771 F. Supp. 1019, 1022 (D. Neb. 1991).

Cummins maintains that because Plaintiff has combined its Lemon Law allegations against all Defendants under one count in the Complaint, it cannot ascertain which allegations are actually directed at Cummins. Cummins requests that Plaintiff be ordered to amend the Complaint and state the following in separately numbered paragraphs: (1) which alleged defects Plaintiff contends are associated with the Cummins engine; (2) whether Plaintiff provided Cummins with prior written direct notification by certified mail; and (3) whether Plaintiff afforded Cummins a reasonable number of attempts to cure the specific defects for which Cummins is allegedly responsible. (Filing No. 20 at CM/ECF p. 2.)

The Court has reviewed the Complaint and finds that the allegations are sufficient to inform Cummins of the claims against it. In fact, Cummins has already filed an Answer to the Complaint, and has denied the allegations pertaining to the Lemon Law claim. (Filing No. 21.) Although the Complaint may not specifically allege which Defendant committed which particular acts, additional detail (including the information Cummins wants added to the Complaint) can be obtained through discovery. See Lemp, 2008 WL 2276935, at *2 (denying

motion for more definite statement where complaint did not specifically allege which defendant committed which particular acts because additional specificity could be obtained in discovery).

Accordingly,

IT IS ORDERED that the Motion for a More Definite Statement (Filing No. 19) is denied.

Dated this 15th day of February, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge